UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Stallings, | ) |
|  | ) |
| Plaintiff, | ) Civil Action No. 2:21-3349-BHH |
| vs. | ) |
|  | ) **OPINION AND ORDER** |
| Arch Insurance Company and Jerry B. Arnette, | ) |
|  | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Arch Insurance Company's ("Arch") motion to sever/dismiss (ECF No. 5) and Plaintiff Jennifer Stallings ("Plaintiff") motion to remand this action to the Berkeley County Court of Common Pleas (ECF No. 12). Defendant Jerry B. Arnette ("Arnette") has consented to and joined in Arch's motion to sever/dismiss. (*See* ECF No. 10.) Arch removed this action based on diversity jurisdiction and premised on the assertion that the claims against Arnette—who is a non-diverse Defendant—are not properly joined. (*See* ECF No. 10.) For the reasons set forth in this Order, the motion to sever/dismiss is denied, and the motion to remand is granted.

## BACKGROUND

Plaintiff's complaint alleges that Arnette, who was being chased by law enforcement, lost control of his vehicle, struck another vehicle, and then struck Plaintiff's vehicle, injuring Plaintiff. (ECF No. 1-1 at 4.) The complaint further alleges that Arnette's insurance coverage is not enough to cover Plaintiff's losses, that Arch insured the vehicle Plaintiff was driving at the time of the collision, which was owned by Plaintiff's employer, Chick-Fil-A, Inc./Blue Seas LLC, and that Arch failed to make a meaningful offer of

1

Underinsured Motorist Coverage ("UIM") as prescribed by South Carolina law. (*Id.* at 4–5.) Plaintiff advances a declaratory judgment cause of action ("Reformation of Insurance Policy") against Arch, and negligence claims against Arnette pursuant to South Carolina law. (*Id.* at 5–8.)

Plaintiff commenced this action by filing a summons and complaint in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit, Berkeley County, on September 13, 2021. Arch removed the action, with Arnette's consent, to this Court on October 14, 2021. On the same day, Arch filed its motion to sever or dismiss Arnette from the lawsuit, asserting improper joinder. Plaintiff filed a combined motion to remand and memorandum in opposition to the motion to sever/dismiss on November 8, 2021. These matters are fully briefed and ripe for disposition. Accordingly, the Court makes the following ruling.

## **LEGAL STANDARD**

**Removal and Diversity Jurisdiction**

"'To be removable to federal court under 28 U.S.C. § 1441 a state action must be within the original jurisdiction of the district court, *and its jurisdiction must be ascertainable from the face of the complaint.*'" *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) (emphasis in original) (quoting *Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 345 (4th Cir. 1983)). As courts of limited jurisdiction, federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated,' and 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255,

260 (4th Cir. 2005)); *see also Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Courts must strictly construe the removal statute and "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). A defendant may remove an action from state court to federal court if a federal question is presented under 28 U.S.C. § 1331 or if there is diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Federal diversity jurisdiction is present when the amount in controversy exceeds $75,000 and there is "complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil*, 545 U.S. at 553. The removal statute "bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (alterations in original) (quoting 28 U.S.C. § 1441(b)). The existence of diversity jurisdiction "is typically determined from the face of the plaintiff's well-pled complaint," and if non-diverse defendants are properly joined, then remand is required. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7339811, at *1 (D.S.C. Oct. 24, 2016) (citation and quotation marks

omitted).

**Fraudulent Joinder**

"[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "'The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999)). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424 (citation omitted). "The removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Johnson*, 781 F.3d at 704 (emphasis in original) (quoting *Hartley,* 187 F.3d at 424). "[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).

**Fraudulent or "Procedural" Misjoinder**

At the outset, it is important to distinguish the doctrine of fraudulent misjoinder from fraudulent joinder and to clarify terms. Defendants use the term "procedural misjoinder,"

4

or simply "misjoinder," in order to avoid conflation of the misjoinder doctrine with the concept of fraudulent joinder. (*See* ECF No. 13 at 3 n.1; ECF No. 14 at 2–3.) "[C]ourts have not been consistent in whether this doctrine should be styled 'procedural misjoinder' or 'fraudulent misjoinder', with some courts even using the term[s] interchangeably." *Sehovic v. Pfizer, Inc.*, No. 2:14-cv-3254-RMG, 2015 WL 12831697, at *1 n.1 (D.S.C. Jan. 27, 2015).

> Fraudulent joinder and fraudulent misjoinder are two distinct legal doctrines that provide exceptions to the well-pled complaint rule as it applies to removal based on diversity jurisdiction by allowing courts to disregard the citizenship of certain parties. Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible cause of action against those defendants or where the complaint pled fraudulent facts. Fraudulent misjoinder, on the other hand, is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal.

*Wyatt v. Charleston Area Med. Ctr.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (internal citations omitted). "Unlike fraudulent joinder, fraudulent misjoinder has thus far not been widely recognized in the federal courts." Richard E. Kaye, Annotation, *Construction and Application of Fraudulent Misjoinder Exception to Complete Diversity Rule*, 65 A.L.R. Fed. 2d 527 (2012). The Fourth Circuit Court of Appeals has not addressed this issue, and while some district courts in South Carolina have applied it, other district courts in South Carolina have declined to adopt it. *Palmetto Health All. v. S.C. Elec. & Gas Co.*, No. 3:11-cv-2060-JFA, 2011 WL 5027162, at *2 (D.S.C. Oct. 21, 2011) (stating that "[a]bsent direction from the Fourth Circuit, this court declines to adopt fraudulent misjoinder and accept jurisdiction over this case"); *Beaty v. Bridgestone America's Tire Operations, LLC*, No. 4:10-3303-RBH, 2011 WL 939001, at *3 (D.S.C. Mar. 16, 2011) (declining to adopt and stating there is "no Fourth Circuit Court of Appeals authority to place procedural

5

misjoinder at the same level as fraudulent joinder").

> Not only are district courts split on whether to recognize and apply the doctrine of procedural misjoinder, they are also split on what standard applies in order to show misjoinder, and what result should be reached under the doctrine if it is applied. *See T.F. ex rel. Foster v. Pfizer, Inc.*, No. 12-1221, 2012 WL 3000229 at **2-3 (E.D. Mo. 2012)[Applying egregious standard discussed in *In re Prempro*]; *Pate v. Boston Scientific Corp.*, No. 13-6321, 2013 WL 5743499 at *5 (C.D. Cal. Oct. 21, 2013)[Applying a clear and convincing standard, and finding that the Defendant's speculation [of improper joinder] does not rise to the level of clear and convincing evidence. "Even if the Court were to accept Defendant's assertion that it is not plausible–and it is not clear that accepting Defendant's assertion would be appropriate–it is still possible that Plaintiffs' claims do arise out of the same transactions or occurrences. Without any kind of showing that Plaintiffs' are improperly joined, Defendant's efforts do not meet the requisite clear and convincing evidence standard."]; *Walton v. Tower Loan*, 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004)[requiring a "level of misjoinder that was not only improper, but grossly improper."]; *Asher v. Minn. Mining and Mfg. Co.*, No. 04-522, 2005 WL 1593941 at *7 (E.D. Ky. June 30, 2005)[applying the same "reasonable basis" standard for fraudulent misjoinder as in fraudulent joinder]; *J.C. ex rel. Cook v. Pfizer, Inc.*, 2012 WL 4442518 at *4 (S.D.W. Va. 2012)[Not applying the egregious standard and instead finding that "Defendants must demonstrate that Plaintiffs fail to meet either or both of the requirements for joinder: 1) the claims must arise out of the same transaction, series of transactions, or occurrence; and 2) some question of law or fact common to all parties must be present."]; *but cf. Stinnete v. Medtronic Inc.*, No. 09-3854, 2010 WL 767558 (S.D. Tex. Mar. 3, 2010)[Finding that "[a] multitude of cases around the country have held that plaintiffs were not properly joined when the only common link among them was a defective drug or medical device."].

*In re Lipitor (Atorvastatin Calcium) Mktg. Sales Practices & Prod. Liab. Litig.*, No. 2:14-mn-2502-RMG, 2016 WL 7373887, at *19 (D.S.C. July 14, 2016).

## **DISCUSSION**

Defendants' filings assert that Rules 20 and 21 of the Federal Rules of Civil Procedure together dictate that Arnette and the claims against him have been improperly joined to this action, which is essentially a declaratory judgment action against an insurer mashed together with a negligence action against an alleged tortfeasor. (*See* ECF Nos.

6

5, 5-1, 10, 13, 14.) Arch argues, and Arnette agrees, that Plaintiff's claims regarding Arch's alleged failure to make a meaningful offer of UIM coverage to its insured do not arise out of the same transaction(s) or occurrence(s) as Plaintiff's claims regarding Arnette's alleged negligent operation of the vehicle that caused alleged bodily injury and property damage, and do not involve common questions of law or fact. (*See id.*) Thus, Arch argues this Court should exercise its discretion to sever the claims against Arnette because they were improperly joined and not diverse, and remand those claims to State court to "preserve diversity jurisdiction" over the declaratory judgment claims. (*See id.*) However, because Plaintiff's complaint was first filed in State court and subsequently removed, the issue whether this Court has subject matter jurisdiction is a threshold question antecedent to application of Rules 20 and 21 in the manner that Defendants propose.

Even assuming Defendants' misjoinder analysis to be sound—that is, that Plaintiff's claims against an insurer on the one hand and an alleged tortfeasor on the other do not arise from the same transaction or occurrence and do not implicate common questions of law or fact—remand is still required. The Court finds *Pollock v. Goodwin*, No. 3:07-cv-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008) to be both instructive and persuasive. In *Pollock*, under facts materially similar to those at issue here, Judge Currie first determined that the plaintiff's claims against an insurance company did not arise from the same transaction or occurrence as the plaintiff's claims against alleged tortfeasors in an automobile accident, and that those claims were improperly joined. 2008 WL 216381, at *2–*5. Nevertheless, Judge Currie held that because the plaintiff stated valid claims against the non-diverse tortfeasor defendants, misjoinder of those claims with the

7

insurance-related claims did not support a finding of fraudulent joinder under the standard expressed in *Hartley v. CSX Transp., Inc.,* 187 F.3d 422 (4th Cir. 1999) and *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999).[1] *Pollock*, 2008 WL 216381, at *5. As to potential diversity jurisdiction, given the misjoined-but-not-fraudulently-joined claims, Judge Currie stated:

> [I]t appears that the complaint asserts what might fairly be characterized as "separate and independent claims." *See* 29A Federal Procedure, Lawyers Edition § 69:47 ([Westlaw] 2007) ("Whether the complaint discloses a single wrong or multiple wrongs to the plaintiff is the test of the existence of a separate and independent claim or cause of action under 28 U.S.C.A. § 1441(c)."). Removal of separate and independent claims is allowed despite the joinder of those claims with a non-removable claim *but only when the court's subject matter jurisdiction is founded on 28 U.S.C. § 1331 (federal question jurisdiction)*. *See* 28 U.S.C. § 1441(c). This results from a 1990 amendment which restricted the reach of Section 1441(c). 29A Federal Procedure, Lawyers Edition § 69:41 ("Since its 1990 amendment, 28 U.S.C.A. § 1441(c) does not permit the removal of a separate and independent claim based on diversity of the parties.")
>
> It appears, therefore, that Congress intended to restrict removal in situations comparable to the present. As no other apparent grounds for removal exist, the undersigned concludes that the action must be remanded.[7]
>
>> [7] This does not preclude removal. Instead, it precludes removal unless and until [defendant insurer] obtains a severance order from the state court.

*Id.* at *5–*6. Thus, Judge Currie granted the plaintiff's motion to remand. *Id.* at *6.

The same result is required here. Again, even granting that Plaintiff's claims against Arch and claims against Arnette are "misjoined," Defendants cannot establish fraudulent joinder because there has been no (1) outright fraud in the pleading of jurisdictional facts, and (2) it cannot be shown that Plaintiff has no cause of action against Arnette in State court. *See Hartley*, 187 F.3d at 424. In the absence of Fourth Circuit

---

[1] (*See supra* at 4.)

8

guidance, the undersigned declines to independently adopt fraudulent/procedural misjoinder and assert jurisdiction over the portion of this case that avers claims against a diverse Defendant. *See Palmetto Health All. v. S.C. Elec. & Gas Co.*, No. 3:11-cv-2060-JFA, 2011 WL 5027162, at *2 (D.S.C. Oct. 21, 2011) (declining to adopt fraudulent misjoinder); *Beaty v. Bridgestone America's Tire Operations, LLC*, No. 4:10-3303-RBH, 2011 WL 939001, at *3 (D.S.C. Mar. 16, 2011) (same). Therefore, as in *Pollock*, the correct result is to remand this matter to the Berkeley County Court of Common Pleas where Arch can take up its argument to sever, thereby creating an action that is removable via diversity jurisdiction, if any.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion to remand (ECF No. 12) is GRANTED and Defendants' motion to sever/dismiss (ECF No. 5) is DENIED. This matter is remanded to the Berkeley County Court of Common Pleas. The Court declines to award fees, costs, or expenses under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 30, 2022
Charleston, South Carolina